1

2

3

4

5

6

7

8                        UNITED STATES DISTRICT COURT

9                       CENTRAL DISTRICT OF CALIFORNIA

10   MICHAEL RODRIGUEZ,                )   Case No. CV 10-3261 PJW
                                       )
11               Plaintiff,            )
                                       )   MEMORANDUM OPINION AND ORDER
12        v.                           )
                                       )
13   MICHAEL J. ASTRUE,                )
     Commissioner of the Social        )
14   Security Administration,          )
                                       )
15               Defendant.            )
                                       )
16

17                            I.  INTRODUCTION

18        Before the Court is Plaintiff's appeal of a decision by

19   Defendant Social Security Administration ("the Agency"), denying his

20   application for Supplemental Security Income ("SSI").  Plaintiff

21   claims that the Administrative Law Judge ("ALJ") erred when he found

22   that Plaintiff failed to prove that he had established that there were

23   changed circumstances, supporting his bid to overcome the presumption

24   of continuing nondisability following an earlier decision that he was

25   not disabled.  For the reasons explained below, the Court concludes

26   that the ALJ did not err.

27

28

II. BACKGROUND

Plaintiff began receiving SSI when he was a child, but became ineligible for benefits in 2002 because he was imprisoned. (Joint Stip. at 2.) Plaintiff reapplied for SSI in 2003, after he was released. (Administrative Record ("AR") 84-85.) Following a hearing, an ALJ denied his application in a decision dated November 2, 2005. (AR 84-93.) The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review in July 2006, and Plaintiff failed to appeal that decision. (AR 97-100.)

In March 2007, Plaintiff applied for SSI, again. (AR 125-32.) The ALJ denied the application in December 2008, finding that Plaintiff had not presented evidence to overcome the presumption of continuing nondisability arising from the 2005 decision. (AR 10-21.) After the Appeals Council denied Plaintiff's request for review (AR 1-4), he commenced this action.

III.   ANALYSIS

Plaintiff argues that the ALJ erred by applying the doctrine of *res judicata* to his case and finding that he was not disabled. (Joint Stip. 3-7, 11-12.) The Agency disagrees. (Joint Stip. 7-10.) For the following reasons, the Court sides with the Agency.

The doctrine of *res judicata* applies to the administrative decisions of the Social Security Administration. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."). As such, an ALJ's determination that a claimant is not disabled creates a presumption of continuing nondisability with respect to any later disability applications. *Lester v. Chater*, 81 F.3d 821, 827

1  (9th Cir. 1996).  A claimant may overcome this presumption by

2  demonstrating that there are "changed circumstances" affecting his

3  ability to function in the workplace.  *Id.* at 827-28; Social Security

4  Ruling ("SSR") 97-4(9) ("[W]here the final decision by the ALJ on the

5  prior claim, which found the claimant not disabled, contained findings

6  of the claimant's residual functional capacity, education, and work

7  experience, [the Agency] may not make different findings in

8  adjudicating the subsequent disability claim unless there is new and

9  material evidence relating to the claimant's residual functional

10  capacity, education or work experience.").

11      In this case, Plaintiff argues that evidence from employees of an

12  independent living skills center where he went for training

13  establishes "changed circumstances" sufficient to overcome the

14  presumption of continuing nondisability.  (Joint Stip. 4-7.)  He cites

15  a 2007 report by an "evaluator and report writer" at the center who,

16  essentially, described Plaintiff as severely impaired and incapable of

17  functioning in the real world.  (Joint Stip. 4-5 (citing AR 238-53).)

18  This report was based on the writer's review of files, statements by

19  Plaintiff and his family, and observations by staff at the center.

20      Because the author of this report does not have any training in

21  the medical profession, she is considered an "other source" under the

22  regulations.  *See* 20 C.F.R. § 416.913(d).  Thus, the ALJ was only

23  required to provide reasons that were germane in order to discount the

24  evidence.  *Turner v. Comm'r*, 613 F.3d 1217, 1223-24 (9th Cir. 2010)

25  (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

26      The ALJ met this standard.  He noted that he was "highly dubious"

27  of the statements Plaintiff and his family made to the evaluator about

28  the extent of Plaintiff's impairment, statements that the ALJ had

1  rejected as incredible.  (AR 16-18.)  He pointed out, for example,

2  that, though they claimed that Plaintiff was incapable of dressing

3  himself, tying his shoes, and feeding himself, he had been able to

4  burglarize a home and steal a car.  (AR 17.)  He noted that Plaintiff

5  had served time in prison without any apparent difficulty.  (AR 17.)

6  He also rejected the conclusions in the report because they were based

7  on "the faulty premise" that Plaintiff was mildly retarded.  (AR 18.)

8       These reasons are germane and are supported by substantial

9  evidence.  As such, the Court concludes that the ALJ did not err in

10  rejecting the finding in the report or in concluding that the report

11  did not establish "changed circumstances," supporting Plaintiff's bid

12  to overcome the presumption of continuing nondisability.

13       Plaintiff also claims that the testimony of John Ramos, "an

14  educator and . . . interventionist" at the center established "changed

15  circumstances."  (Joint Stip. 5; AR 41.)  Ramos testified, among other

16  things, that Plaintiff "loses his cool real fast" "[i]f he gets a

17  block of instructions given to him," generally needs supervision and

18  assistance, and has problems with social skills and respect for

19  authority.  (AR 41, 45-56.)

20       As the ALJ pointed out, however, Ramos was a lay witness.  (AR

21  41, 44.)  Thus, though the ALJ was required to consider his testimony,

22  *see Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006), he was

23  authorized to reject it for reasons that were "germane" to the

24  testimony.  *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005).

25  The ALJ provided germane reasons for rejecting Ramos's testimony.  He

26  noted that Ramos's testimony was consistent with Plaintiff's

27  testimony, testimony that the ALJ found incredible.  (AR 19.)  He also

28  pointed out that there was no indication that Ramos had taken into

1  account the fact that Plaintiff may have been exaggerating his

2  symptoms or that Ramos was qualified to evaluate whether Plaintiff was

3  exaggerating.  (AR 19.)

4      These reasons are germane to Ramos's testimony and supported by

5  substantial evidence.  *See, e.g., Valentine v. Comm'r*, 574 F.3d 685,

6  694 (9th Cir. 2009) (holding, where ALJ properly rejected the

7  claimant's testimony as incredible, "it follows that the ALJ also gave

8  germane reasons for rejecting [a lay witness's] testimony," which was

9  similar to claimant's).  Accordingly, the ALJ properly determined that

10 Ramos's testimony did not constitute evidence of "changed

11 circumstances," either.[1]

12                          IV. CONCLUSION

13     For these reasons, the Court concludes that the Agency's findings

14 are supported by substantial evidence and are free from material legal

15 error.  As such, the decision is affirmed.

16     IT IS SO ORDERED.

17     DATED: September 22, 2011.

18

19

20  _____
    PATRICK J. WALSH
21  UNITED STATES MAGISTRATE JUDGE

22

23  S:\PJW\Cases-CLOSED\Closed-Soc Sec\RODRIGUEZ, M 3261\Memo_Opinion.wpd

24

25  _____

26     [1]  Plaintiff also alleged that the ALJ erred when he found that
    there were a significant number of jobs in the economy that Plaintiff
27  could perform.  (Joint Stip. 13.)  In light of the Court's
    determination that the ALJ properly applied the doctrine of *res
28  judicata,* the Court need not and does not address this issue.

                                   5