UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL RODRIGUEZ,<br><br>    Plaintiff,<br><br>    v.<br><br>MICHAEL J. ASTRUE,<br>Commissioner of the Social<br>Security Administration,<br><br>    Defendant. | Case No. CV 10-3261 PJW<br><br>MEMORANDUM OPINION AND ORDER |

## I. INTRODUCTION

Before the Court is Plaintiff's appeal of a decision by Defendant Social Security Administration ("the Agency"), denying his application for Supplemental Security Income ("SSI"). Plaintiff claims that the Administrative Law Judge ("ALJ") erred when he found that Plaintiff failed to prove that he had established that there were changed circumstances, supporting his bid to overcome the presumption of continuing nondisability following an earlier decision that he was not disabled. For the reasons explained below, the Court concludes that the ALJ did not err.

## II. BACKGROUND

Plaintiff began receiving SSI when he was a child, but became ineligible for benefits in 2002 because he was imprisoned. (Joint Stip. at 2.) Plaintiff reapplied for SSI in 2003, after he was released. (Administrative Record ("AR") 84-85.) Following a hearing, an ALJ denied his application in a decision dated November 2, 2005. (AR 84-93.) The ALJ's decision became final when the Appeals Council denied Plaintiff's request for review in July 2006, and Plaintiff failed to appeal that decision. (AR 97-100.)

In March 2007, Plaintiff applied for SSI, again. (AR 125-32.) The ALJ denied the application in December 2008, finding that Plaintiff had not presented evidence to overcome the presumption of continuing nondisability arising from the 2005 decision. (AR 10-21.) After the Appeals Council denied Plaintiff's request for review (AR 1-4), he commenced this action.

## III. ANALYSIS

Plaintiff argues that the ALJ erred by applying the doctrine of *res judicata* to his case and finding that he was not disabled. (Joint Stip. 3-7, 11-12.) The Agency disagrees. (Joint Stip. 7-10.) For the following reasons, the Court sides with the Agency.

The doctrine of *res judicata* applies to the administrative decisions of the Social Security Administration. *Chavez v. Bowen*, 844 F.2d 691, 693 (9th Cir. 1988) ("The principles of res judicata apply to administrative decisions, although the doctrine is applied less rigidly to administrative proceedings than to judicial proceedings."). As such, an ALJ's determination that a claimant is not disabled creates a presumption of continuing nondisability with respect to any later disability applications. *Lester v. Chater*, 81 F.3d 821, 827

(9th Cir. 1996).  A claimant may overcome this presumption by demonstrating that there are "changed circumstances" affecting his ability to function in the workplace.  *Id.* at 827-28; Social Security Ruling ("SSR") 97-4(9) ("[W]here the final decision by the ALJ on the prior claim, which found the claimant not disabled, contained findings of the claimant's residual functional capacity, education, and work experience, [the Agency] may not make different findings in adjudicating the subsequent disability claim unless there is new and material evidence relating to the claimant's residual functional capacity, education or work experience.").

In this case, Plaintiff argues that evidence from employees of an independent living skills center where he went for training establishes "changed circumstances" sufficient to overcome the presumption of continuing nondisability.  (Joint Stip. 4-7.)  He cites a 2007 report by an "evaluator and report writer" at the center who, essentially, described Plaintiff as severely impaired and incapable of functioning in the real world.  (Joint Stip. 4-5 (citing AR 238-53).) This report was based on the writer's review of files, statements by Plaintiff and his family, and observations by staff at the center.

Because the author of this report does not have any training in the medical profession, she is considered an "other source" under the regulations.  *See* 20 C.F.R. § 416.913(d).  Thus, the ALJ was only required to provide reasons that were germane in order to discount the evidence.  *Turner v. Comm'r*, 613 F.3d 1217, 1223-24 (9th Cir. 2010) (quoting *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001)).

The ALJ met this standard.  He noted that he was "highly dubious" of the statements Plaintiff and his family made to the evaluator about the extent of Plaintiff's impairment, statements that the ALJ had

3

rejected as incredible. (AR 16-18.) He pointed out, for example, that, though they claimed that Plaintiff was incapable of dressing himself, tying his shoes, and feeding himself, he had been able to burglarize a home and steal a car. (AR 17.) He noted that Plaintiff had served time in prison without any apparent difficulty. (AR 17.) He also rejected the conclusions in the report because they were based on "the faulty premise" that Plaintiff was mildly retarded. (AR 18.)

These reasons are germane and are supported by substantial evidence. As such, the Court concludes that the ALJ did not err in rejecting the finding in the report or in concluding that the report did not establish "changed circumstances," supporting Plaintiff's bid to overcome the presumption of continuing nondisability.

Plaintiff also claims that the testimony of John Ramos, "an educator and . . . interventionist" at the center established "changed circumstances." (Joint Stip. 5; AR 41.) Ramos testified, among other things, that Plaintiff "loses his cool real fast" "[i]f he gets a block of instructions given to him," generally needs supervision and assistance, and has problems with social skills and respect for authority. (AR 41, 45-56.)

As the ALJ pointed out, however, Ramos was a lay witness. (AR 41, 44.) Thus, though the ALJ was required to consider his testimony, *see Stout v. Comm'r*, 454 F.3d 1050, 1053 (9th Cir. 2006), he was authorized to reject it for reasons that were "germane" to the testimony. *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). The ALJ provided germane reasons for rejecting Ramos's testimony. He noted that Ramos's testimony was consistent with Plaintiff's testimony, testimony that the ALJ found incredible. (AR 19.) He also pointed out that there was no indication that Ramos had taken into

4

account the fact that Plaintiff may have been exaggerating his symptoms or that Ramos was qualified to evaluate whether Plaintiff was exaggerating. (AR 19.)

These reasons are germane to Ramos's testimony and supported by substantial evidence. *See, e.g., Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009) (holding, where ALJ properly rejected the claimant's testimony as incredible, "it follows that the ALJ also gave germane reasons for rejecting [a lay witness's] testimony," which was similar to claimant's). Accordingly, the ALJ properly determined that Ramos's testimony did not constitute evidence of "changed circumstances," either.[1]

## IV. CONCLUSION

For these reasons, the Court concludes that the Agency's findings are supported by substantial evidence and are free from material legal error. As such, the decision is affirmed.

IT IS SO ORDERED.

DATED: September 22, 2011.

/s/ Patrick J. Walsh

PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

S:\PJW\Cases-CLOSED\Closed-Soc Sec\RODRIGUEZ, M 3261\Memo_Opinion.wpd

---

[1] Plaintiff also alleged that the ALJ erred when he found that there were a significant number of jobs in the economy that Plaintiff could perform. (Joint Stip. 13.) In light of the Court's determination that the ALJ properly applied the doctrine of *res judicata,* the Court need not and does not address this issue.